*711 MOORE, Judge,
concurring in part and dissenting in part.
I concur with the main opinion to the extent that it concludes the trial court erred by ordering that the proceeds from the sale of the marital home (“the proceeds”) were to be divided between the parties before the parties’ marital debts were paid. Otherwise, I respectfully dissent from the main opinion because I agree with the husband’s argument that the January 3, 2006, order and the May 18, 2006, order, when read together, are clear and unambiguous with regard to the order of distribution of the proceeds.
In the January 3, 2006, order, the husband was ordered to pay to the wife one-half of his interest in the LLC from his portion of the proceeds. That order also provided that if there was not enough equity in the marital home for the husband to pay the wife her interest in the LLC, he must still do so within 90 days of the sale of the marital home. The January 3, 2006, order, however, did not provide the manner in which the husband’s share of the proceeds was to be determined, nor did it provide the order in which the proceeds were to be distributed.
In the May 18, 2006, order, the trial court completed the January 3, 2006, order by setting forth the order in which the proceeds were to be distributed and the manner in which the husband’s share of the proceeds were to be determined. The May 18, 2006, order provides that the proceeds were to be applied in the following order: (1) to pay the costs associated with the sale of the marital home, (2) to pay the debt associated with the marital home, and (3) to pay other marital debts. If any proceeds remained, they were to be divided equally between the husband and the wife.
Reading the January 3, 2006, order and the May 18, 2006, order together, it is clear that the proceeds are to be distributed in the order set forth in the May 18, 2006, order and that the husband’s share of the proceeds are to be determined after the aforementioned debts are paid. According to the January 3, 2006, order, the wife’s interest in the LLC was to be paid from the husband’s share of the proceeds.[2] There is nothing in either the January 3, 2006, order or the May 18, 2006, order to suggest that the proceeds are to be applied first to paying the wife for her interest in the LLC.
Based on the foregoing, I conclude that the January 3, 2006, order and the May 18, 2006, order were clear and unambiguous with regard to the order of distribution of the proceeds and that the trial court’s February 11, 2008, judgment was an impermissible modification of the final judgment entered in the parties’ divorce action. I would reverse the trial court’s judgment and remand the cause with instructions to enter a judgment providing for the distribution of the proceeds as set forth above.

. Because the issue was not raised on appeal, I express no opinion as to whether the May 18, 2006, order nullified the husband's obligation to pay the wife for her interest in the LLC.